L. E. EDMONSON v. THE CITY OF GALVESTON.[1]

*(Case No. 957.)*

</div>

1. LIEN — TAXES. — The lien given by the constitution of 1869, for taxes assessed against land (art. 12, §§ 19–22), is a charge merely on each separate tract of land for the taxes assessed thereon. Hence, a personal judgment against the owner of several tracts of land, which declared a lien upon all the tracts for the aggregate taxes due on all, would be erroneous, whether the tax was due a municipal government or the state.

---

[1] By agreement of counsel, case No. 958, pending on error in the supreme court, and between the same parties, was dependent on the result of this cause, and the same judgment was rendered therein.

2. Interest — Taxation.— A judgment against the owner of property for taxes due a municipal corporation, giving ten per cent. interest on taxes assessed from the time they were due, is erroneous, in the absence of authority allowing such interest, conferred by statute or ordinance.

Error from Galveston.　Tried below before the Hon. A. P. McCormick.

Suit by the city of Galveston, brought February 4, 1876, against Louis E. Edmonson, to recover $234.95, and interest thereon at ten per cent. per annum, from November 1, 1874, alleged to be due the city as *ad valorem* taxes for the year 1874; to establish against certain lots in the city of Galveston, liens alleged to exist upon them by virtue of an assessment of taxes alleged to have been made thereon as the property of Edmonson, for the year 1874, and to foreclose alleged liens by a sale of the lots under judgment.　Plaintiff in error was served.　Judgment by default was rendered February 26, 1876.

The jury, upon a writ of inquiry, returned a verdict in favor of the city for $265.91, and that "the same was a lien upon lots 6, 7, and east half of 5, in block 368, and west half of outlot block 62, and lots 12 and 13, in block 504, with improvements, in the city of Galveston."　Judgment was rendered, upon the verdict, that plaintiff have and recover of defendant the sum of $265.91, with interest thereon at ten per cent. per annum from date of judgment, and that plaintiff has a lien upon said lots to recover the payment of the sum; and that the lots be sold as under executions for its payment; that if said lots be sold for more than sufficient to pay off the judgment, the balance to be paid to defendant, but if not sold for enough to pay the judgment, that execution issue for the balance remaining unpaid.

The petition alleged in substance, that certain property thereinafter described and owned by defendant, was worth, during the year 1874, the sums of money set opposite each separate piece thereof, at which sums of money the property was legally assessed for that year, and upon which there was levied, in accordance with the ordinances of the city of Galveston for

that year, the taxes thereinafter set forth; that the property, assessment, rate of taxation, and tax for that year were as follows, to wit:

| LOTS. | Block. | Assessment. | Rate. | Tax. |
|---|---|---|---|---|
| Lots 6, 7, and east half of 5 .. | 368 | $1,250 | 1 per cent. | $12 50 |
| West half of out-lot......... | 62 | 7,000 | 1 per cent. | 70 50 |
| Lots 12, 13, with improvements | 504 | 13,000 | 1 per cent. | 130 50 |
| Hospital tax................ | | | | 21 25 |
| *Capita* tax ................. | | | | 1 00 |
| Total................ | | | | $234 75 |

That the sum of $234.75, with interest thereon at ten per cent. per annum from November 1, 1874, was still due and owing to plaintiff; that the ordinances under and by virtue of which the assessment was made and the taxes were levied, were attached thereto, marked exhibit A, and made part thereof; that the taxes levied upon the property, as above set forth, were respectively liens thereon; that defendant, though often requested to pay the taxes, had neglected and refused to pay them or any part thereof, and prayed for process and judgment against him for the sum of $234.75 and interest, for a foreclosure of the several liens; that the lots be sold, and for general relief.

No ordinances of the city of Galveston appear from the transcript as part of plaintiff's petition, nor elsewhere in the record.

*L. E. Trezevant*, for appellant.

I. The court had no jurisdiction to render the judgment that was rendered, nor any judgment, and erred in taking cognizance of the cause. Constitution of 1869, art. XII, sec 20–22. Charter of the city of Galveston (title 6, art. XIV), approved May 16, 1871. Clegg *v.* State, 42 Tex., 605; Baker *v.* State, 49 Tex., 763.

II. The judgment of the court was not rendered under nor

in conformity with any law or laws providing for the condemnation and sale of land for taxes, and is not authorized by the law of the land, and the court erred in rendering the judgment.

III. Plaintiff's petition discloses no cause of action, and the court erred in rendering the judgment. The court erred in rendering judgment for ten per cent. interest, as claimed in plaintiff's petition. Cooley on Taxation, p. 13, note 1; p. 300, note 4.

*Robert V. Davidson* for defendant in error.

I. The district court of Galveston county had jurisdiction, and was a proper tribunal to render such a judgment as was rendered in this cause. Constitution of 1869, art. 5, sec. 7; Constitution of 1869, art. 12, secs. 20, 21; charter of city of Galveston of May 16, 1871, title 6, art. 14, sec. 7; id., title 6, art. 10, sec. 1; id., title 6, pp. 45–56; Dill. on Mun. Corp., sec. 655; Dugan *v.* Baltimore, 1 Gill & J. (Md.), 499; 13 La Ann., 497; 15 Ill., 9.

II. The judgment of the court was rendered under and in conformity with the charter of the city of Galveston, which provided for the condemnation and sale of the land for taxes, and was authorized by law. The judgment of the court was for sale of lands of plaintiff in error, for the taxes due thereon, etc. Constitution of 1869, art. 5, sec. 7; charter of city of Galveston of May, 1871, title 6, art. 14, sec. 1.

III. Plaintiff's petition disclosed a cause of action, and the court on the hearing thereof did not err in rendering said judgment. Paschal's Dig., 1427.

IV. The judgment of the court in rendering ten per cent. interest, as claimed in plaintiff's petition, was and is legal and valid, and authorized by the charter of said city and laws of the land. Charter of city of Galveston, 1871, title 6, art. 1, sec. 1; City of Burlington *v.* B. & M. R. R. Co., 41 Iowa, 134; Slack *v.* Ray, Assessor, Sup. Ct. La., Cent. Law Jour. No. 37, Sept. 10, 1874; Lacey *v.* Davis, 4 Mich., 157; Scott *v.* Wat-

kins, 22 Ark., 556; Craig *v.* Flanagan, 21 Ark., 319; High *v.* Shawmaker, 22 Cal., 369, 370; People *v.* Todd, 23 Cal., 181.

Moore, Chief Justice.— It appears from the record that this suit was brought by the city of Galveston against L. E. Edmonson for the recovery of two hundred and thirty-five dollars and seventy-five cents, the aggregate amount assessed against him as city taxes for the year 1874, on at least three separate lots or parcels of land, and for a capita and hospital tax, with interest thereon at the rate of ten per cent. from the first of November, 1874, until paid. On the trial the court gave a personal judgment against Edmonson for the amount thus claimed, and that the same was a lien upon the three lots or parcels of land assessed as aforesaid, and decreed that the same be sold in satisfaction and discharge of the judgment.

It has been heretofore decided by this court (Clegg *v.* The State, 42 Tex., 506; The State *v.* Baker, 49 Tex., 763), in cases involving state taxes, that the lien given by the constitution of 1869 for the taxes assessed against land (art. 12, §§ 19–22) is a charge merely upon each separate tract of land for the taxes assessed thereon. Unless, therefore, there is a distinction between city and state taxes which renders this constitutional restriction applicable to the latter and not to the former, the judgment in this case was unwarranted, and must be reversed.

There is certainly nothing in the language of the constitution from which we can infer that a different or more enlarged lien should be had by towns and cities to secure and enforce the payment of municipal taxes than exists for those assessed in favor of the state.

The constitution in the sections referred to seems to be dealing with the general subject of taxation; and we can see no reason why it is not equally applicable to assessments by counties, cities and towns, as by the state, nor has any been pointed out or attempted to be shown by defendant in error.

No statute or ordinance has been cited, giving the city ten per cent. per annum interest upon the amount assessed against

Edmonson from the time his tax was due until he pays it. In the absence of such authority, the judgment in this particular was also clearly erroneous.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 23, 1880.]