F. D. JODON AND WIFE v. THE CITY OF BRENHAM.

(Case No. 1203.)

1. CITY TAXES FOR PUBLIC FREE SCHOOLS.— The act of 1874, by virtue of which the city charter of Brenham was amended in September, 1875, provides, "No amendment shall be proposed or submitted by any board of aldermen which shall contravene, or be repugnant to, the constitution or statute laws of this state."

The act of March 15, 1875, authorized cities and towns to levy, for school purposes, a tax of one-fourth of one per cent. in addition to the tax allowed to be levied by the general laws. The city of Brenham adopted an amendment to its charter providing for the levy of a school tax of one-half of one per cent. *Held* —

(1) The amendment to the charter which proposed to authorize the levy of a tax of one-half of one per cent. was repugnant to the act of 1875.

(2) The lien given by the constitution of 1869 on property for taxes, attached not to property of the tax-payer generally, but only to each separate tract of land for the taxes assessed against it.

APPEAL from Washington. Tried below before the Hon. E. B. Turner.

The city of Brenham sued Jodon and wife June 22, 1876, to recover $100.90 claimed to be due as taxes for the years 1874 and 1875, alleging that $100 of that amount was a lien on several lots owned by them, and sought a decree declaring a lien upon the lots for that amount; also alleging that a portion of the amount was levied for school purposes for the year 1875, by virtue of an amendment to the charter of the city adopted September, 1875, and resolutions accepting the benefits of an act of the fourteenth legislature, authorizing the cities of Texas to maintain public schools.

The defendants answered by general and special exceptions, general denial, and specially that the taxes levied for school purposes were illegal; that the taxes did not constitute a lien upon the lots; that the court had no jurisdiction of the amount, and that one of the lots described was their homestead, and not subject to be sold for the taxes sued for.

July 6, 1877, the court overruled appellants' exceptions, and the cause was then tried by the court without a jury. Judgment was rendered for the city of Brenham for the amount claimed, and a foreclosure of the lien upon the lots as prayed for decreed. Jodon and wife appealed, and assigned numerous errors, which need not be stated in detail. The questions considered in the disposition of this appeal are shown in the opinion.

*F. D. Jodon*, for himself.

[No briefs for appellee have reached the Reporter.]

WATTS, J. COM. APP.— There are two errors disclosed by the record that require the reversal of the judgment.

The act of 1874, by virtue of which the amendment to the charter of the city of Brenham was adopted September, 1875, contains the following provision, to wit:

"Sec. 4. That no amendment shall be proposed or submitted by

any board of aldermen which shall contravene, or be repugnant to, the constitution or statute laws of this state."

It is provided by section 6 of "An act to authorize the cities of Texas to maintain public schools," approved March 15, 1875, that "Such additional amounts as they may deem proper to raise for the purpose of sustaining such schools shall be levied upon the taxable property in said city, in accordance with their usual city assessment of taxes for municipal purposes, not to exceed one-fourth of one per cent. in addition to the tax allowed to be levied by the general law."

In the amendment adopted by the city of Brenham, it is provided that the city council should have the power to levy one-half of one per cent. upon property in the corporate limits, for the purpose of sustaining the schools. It appears from the record that, in the year 1875, the city council levied a tax for that purpose of one-fourth of one per cent. Subsequently, during the same year, the city council levied a second tax for the same purpose of one-fourth of one per cent., and it appears that the amounts of these two levies enter into and constitute portions of the amount for which judgment was rendered against appellant.

The amendment of the charter as to the amount of taxes authorized to be levied for school purposes is clearly repugnant to section 6 of the act of 1875, quoted above; and any attempted levy of tax for school purposes, beyond the rate of one-fourth of one per cent., by the city council, would be in contravention of law and illegal. When the city council levied one-fourth of one per cent. for school purposes in 1875, they thereby exhausted their power over the subject for that year, and the attempted levy of a second tax at the same rate was without authority of law.

As appears, the assessment of tax against appellant for city purposes was upon five different lots, one of which was his homestead. These lots are not each separately valued, but their aggregate value is alone given in the assessment.

It was held in Edmondson v. City of Galveston, 53 Tex., 161, that the lien given by the constitution of 1869, for taxes assessed against land, constitutes a charge only upon each separate tract for the taxes assessed against it, and that a judgment declaring a lien upon several tracts for the aggregate taxes due on all, would be erroneous, whether the tax was due a municipal government or the state. See, also, to the same effect, Clegg v. The State, 42 Tex., 506, and The State v. Baker, 49 Tex., 763.

Both the constitution of 1869 and that of 1876 contains a provision that the homestead "shall not be subject to forced sale for debts,

except they be for the purchase money thereof, for the taxes assessed thereon, or for labor and materials expended thereon."

Certainly it will not be contended that the homestead could be condemned and sold for taxes assessed against other lands of the owner. Nor can a lien be declared upon the homestead, together with other lands of the owner, for the aggregate taxes assessed against the whole. The homestead is only subject to be sold for the taxes assessed against it.

The other objections are formal, and in view of recent decisions of the supreme court need not be considered. See Dwyer v. Hackworth and Fort Worth v. Davis, *supra*.

We conclude, and so report, that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 30, 1882.]