Statement of the case.

E. W. CAVE v. MAYOR, ALDERMEN AND INHABITANTS OF THE
CITY OF HOUSTON.

(Case No. 2232)

1. CITY TAXES—CONSTITUTION CONSTRUED—Art. 11, sec. 5, of the constitution ex-
cepts from the operation of art. 8, sec. 3, such municipal corporations as may
have their charters granted and amended by special laws. Such cities may be
authorized to levy and collect heavier taxes than those incorporated by general
law, and one of these cities may be authorized to levy a heavier tax than an-
other of the same kind.

2. SAME—HOW COLLECTED—The weight of authority seems to be that when a statute
does not provide an exclusive remedy for the collection of taxes, they may be
enforced by suit.

3. CITATION—REVISED STATUTES, ARTICLE 1215—Our statute provides that a defend-
ant shall be cited to appear at *the next regular term*, but it does not require that
these words shall be used in the citation. See opinion for citation held suffi-
cient.

4. CITATION—VARIATION—JUDGMENT BY DEFAULT—See statement of facts for varia-
tion between citation and petition, held not sufficient grounds for setting aside
a judgment by default.

5. SAME—A defendant is not required to obey a void process ; but, if merely de-
fective, it brings him into court, and if he does not take his exception at the
proper time, he cannot urge the defect as error in the court.    (Crain v. Griffis,
14 Tex. 358.)

6. JUDGMENT—PETITION—AVERMENTS—A judgment cannot foreclose a lien upon an
entire piece of property and direct its sale for taxes averred to have been
assessed against a portion only of the property.

7. JUDGMENT—MISTAKE—If the amount of recovery stated in figures in a judgment
differs from that stated in writing, but the recitals in the judgment itself show
the former to be the true amount, the error is not sufficient cause for the re-
versal of the judgment.

8 COSTS—CHARGE AGAINST PROPERTY—In forclosing a lien upon several pieces of
property, the court may charge the whole amount of costs against all the prop-
erty, instead of taxing it *pro rata* against the various pieces.

9 TAXES—INTEREST—Interest is not recoverable on taxes unless the statute so ex-
pressly provides.    (Authorities cited.)

ERROR from Harris.    Tried below before the Hon. James Master-
son.

Defendants in error, as plaintiffs below, filed this suit against the
plaintiff in error, on October 20, 1884, to recover the sum of $530.90,
with interest thereon, alleged to have been due to defendants in
error as municipal taxes for the years 1878, 1879, 1880, 1881, 1882,
and 1883, upon the following property, lying within the corporate
limits of the city of Houston: Block of lots four hundred and sixty
three; lots six, seven, eight, nine, ten, and one-half of eleven and
twelve, in block one hundred and thirty-two; and one-half of block
four hundred and sixty-nine ; and to recover the additional sum of

$19.80, as taxes alleged to have been due upon miscellaneous property for the years 1879, 1880, 1881, 1882 and 1883.

Plaintiff below claimed a lien upon each piece of property for the specific tax due thereon, and prayed for a foreclosure of the lien, and sale of the property for the satisfaction of the debt.

Citation issued and was duly served upon the defendant below, on October 21, 1884.

Defendant below, and plaintiff here, failed to appear and answer the suit, and on April 16, 1885, judgment was rendered by default, in favor of the defendants in error, and against the plaintiff in error, for the sum of $699.14, in figures, but for six hundred and ninety-two and 25-100 dollars, as written in words ; and the alleged lien upon the property, claimed by the defendants in error, was foreclosed by the judgment of the court, and the property ordered to be sold, and the proceeds of sale applied to the payment and satisfaction of the debt claimed by the plaintiffs below.

The judgment apportioned the lien as follows :

| | |
|---|---|
| Upon block 463 ...................................... | $175 80 |
| "   lots 6, 7, 8, 9, 10, and ½ of 11 and 12, block 132 | 491 30 |
| "   ½ block 469 ................................ | 32 04 |

*Baker, Botts & Baker,* for plaintiff in error, on the error as to the amounts of the judgment, cited : Mussina *v.* Goldthwaite, 34 Tex. 131 ; Walker *v.* Lewis, 49 Tex. 123 ; 1 Story on Prom. Notes, 23 ; Story on Bills, sec. 42, and note.

On citation, they cited : R. S., arts. 1215, 1443 ; Graves *v.* Robinson, 22 Tex. 130.

On costs, they cited : Clegg *v.* State, 42 Tex. 605 ; State *v.* Baker, 49 Tex. 763 ; Edmondson *v.* Galveston, 53 Tex. 157.

On interest, they cited : Ordinances City of Houston; Special Laws 16th Legislature, sec. 33, p. 13 ; Special Laws 17th Legislature, sec. 31, p. 4 ; Special Laws 18th Legislature, sec. 31, p. 20 ; 2 Desty's American Law of Taxation, 717 ; Cooley on Tax., 13, note; Id. 300, note 4 ; Edmondson *v.* Galveston, 53 Tex. 157 ; Western U. Tel. Co. *v.* State, 55 Tex. 319 ; Galveston *v.* Heard, 54 Tex. 420 ; Perry *v.* Selma M. & M. R'y Co., 65 Ala. 391.

*S. Taliaferro,* for defendants in error, on the power to sue and enforce lien, cited : Constitution of Texas, art 11, sec. 5 ; Charter of Houston and amendments thereto ; Act of Legislature, January 23, 1874, sec. 31 ; Act of April 21, 1879, sec. 31 ; Act of March 9, 1881, sec. 31 ; Act of March 13, 1883, sec. 31.

On the error as to the amount of the judgment, he cited:   Grier *v.* Powell 14 Tex. 321; Ramsey *v.* McCauly, 9 Tex. 108; Marx *v.* Brown, 42 Tex. 111, 112; McKay *v.* Speak, 8 Tex. 376; Emerson *v.* Nevarro, 31 Tex. 336; Eborn *v.* Cannon, 32 Tex. 248, 249.

On costs, he cited:   De La Garza *v.* Carolan, 31 Tex. 393; R. S , art. 1421.

WILLIE, CHIEF JUSTICE.—The city of Houston is authorized by its charter, in force at the time this action was begun, to collect its taxes and enforce liens therefor by suits in the proper court.   Act March. 3, 1883.

Sec. 3, art. 8, of the Constitution is not applicable to such municipal corporations as may have their charters granted and amended by special laws.    Art. 11, sec. 5, of the Constitution, shows that such cities are to be excepted from the operation of this general provision. They may levy, assess, and collect such taxes as may be authorized by law.   This authority may extend to allowing such cities to levy and collect a larger amount of taxes than cities incorporated only by general law; and one of these cities may be authorized to levy a heavier tax than another of the same kind.   The whole object of this section, in allowing these cities to have their charters amended to suit their condition and the emergencies to which they may be subject, not in common with smaller places, would be defeated, if they are not to be allowed to levy and collect taxes, except to the same extent and in the same manner as towns having less that ten thousand inhabitants.

Besides, the great weight of authority seems to be that, when a statute does not provide a remedy for the collection of taxes, which is made exclusive, they may be enforced by suit.  2 Desty on Tax. 706, *et seq.*, and authorities cited.

Whilst our statute provides that a defendant shall be cited to ap pear at *the next regular term* of the district court, to which the process is returnable, it does not require that these words shall be contained in the citation.   What it does require, is, that the time and place of holding the next regular term of the court shall be stated.   These were stated in the present citation, the place being the court house in the city of Houston, and the time, the last Monday in October, 1884.   As the next regular term of the court was required to be held at that place, and at that time, the defendant was cited to appear at such regular term, and the requirement of the statute was fulfilled. R. S., art. 1215.

The citation stated a demand in favor of the plaintiff and against

the defendant. If it varied in the slight respect claimed by the appellant from that set forth in the petition, this did not render the process void, so that it could not support a judgment by default. With the means in his power of ascertaining the correctness of the statement made in the citation, the defendant could not wait till a judgment by default was taken, and then, upon appeal to this court, for the first time, set up so slight a defect as ground for revising the judgment.

If the process is void, the defendant is not required to obey it; but if merely defective, it brings the defendant into court. If he does not then take his exceptions, at the proper time, he cannot afterwards be heard to urge it as error in this court. Crain v. Griffis, 14 Tex. 358. But the judgment and order of sale should have been in accordance with the averments of the petition, and these showed that the taxes were assessed against three-quarters only of block four hundred and sixty-three, whilst the judgment forecloses a lien upon the entire block, and directs its sale. In this there was error, which it is our duty to correct.

The amount of the judgment is correctly stated in figures, and the recitals in the judgment itself show this to be the true amount of the recovery. Under such circumstances, it would seem that the mistake made in writing out the sum for which the recovery was had, is not such error as should cause a reversal of the judgment. In view, however, of the final disposition of the case on this appeal, the mistake becomes unimportant.

The court did not foreclose a lien for the $19.20 taxes due upon miscellaneous property. That portion of the claim was treated as cancelled by the payments made, and was not included in the judg-ment. It was almost, if not quite, impossible for the court to tax the costs, *pro rata*, against the various pieces of property upon which the lien was foreclosed. To charge the whole amount against all the property, and thus make each bear an equal share of the burden, seems equitable, and a proper exercise of the discretion allowed to the court in such cases.

There was error, however, in rendering judgment for interest accruing prior to March 9, 1881. Previous to the passage of the amended charter of that date, there seems to have been no law authorizing interest on taxes levied by the city of Houston. This court has frequently held that interest is not recoverable on taxes, unless the statute so expressly provides. W. U. Tel. Co. v. State, 55 Tex. 319; City of Galveston v. Heard, 52 Tex. 447; Edmondson v. Galveston, 53 Tex. 157.

For this error, and that of foreclosing the lien upon all, instead of three-quarters, of block four hundred and sixty-three, the judgment must be reversed and rendered here for appellee for a recovery of the principal sum sued for, together with interest from March 9, 1881, for each year's taxes accruing before that date; and at the same rate upon taxes accruing since, calculating the interest upon the latter from the day they became due and payable. The judgment will further foreclose the lien upon three-fourths of block four hundred and sixty-three for the taxes due upon it, and upon the other parcels of ground mentioned in the judgment below for the taxes due against them, respectively. The costs of the district court will be assessed against all of said property, and the defendant in error will be charged with the costs of this court. Ordered accordingly.

REVERSED AND RENDERED.

[Opinion delivered March 5, 1886.]