PAUL McCOMBS v. CITY OF ROCKPORT.

Delivered November 19, 1896.

**1. School Tax in City—Organization as School District.**

To authorize the recovery by a city of a judgment fixing a lien upon land for an unpaid school tax, it must be alleged and proven that such city had been duly organized into a separate school district.

**2. Taxation—Joint Assessment Must be Under Joint Rendition.**

No tax can be recovered upon a city lot, where such lot has been assessed jointly with some other lot, unless the property has been rendered by its owner to be assessed jointly.

**3. Same—Interest.**

Interest on delinquent taxes cannot be recovered from the time they became due, but only from the date of the judgment.

**4. Same—Several Parcels of Land—Lien.**

A judgment fixing a general lien upon several city lots for the taxes due upon all is erroneous, since the lien exists upon each parcel of land only for the tax due upon it.

**5. Board of Equalization—Appointment of Members.**

Where the appointment of the members of a board of equalization is announced by the mayor in the presence of the city council, no one objecting, it is held on collateral attack that this is an appointment by the aldermen.

Appeal from Aransas.    Tried below before Hon. M. F. Lowe.

*Paul Mc Combs*, for himself.

[No brief for appellee reached the Reporter.]

PLEASANTS, Associate Justice.—The appellee sued appellant in the District Court of Aransas County, for the recovery of certain lots and blocks of land situated in the town of Rockport, the plaintiff claiming the said lands by purchase at tax sale; and the prayer of the petition was, in the alternative, for the possession of the land, but if the court should hold the plaintiff not entitled to the land, then that plaintiff have judgment against defendant for the amount of taxes alleged to be due on the said property, for the years 1892 and 1893, and for decree enforcing tax lien upon said property, and for $50 attorney's fee, and for all costs of suit.    At the August term, 1895, of said court, the court, without a jury, heard and tried said suit, and rendered judgment for defendant as to the lands sued for, that the plaintiff take nothing by his suit, but that plaintiff have and recover of the defendant for taxes due upon the lands sued for for the years 1892 and 1893, $126.18, with interest thereon at six per cent from January 1, 1895, and for costs of suit, and that said taxes were a lien upon said lands, and that the same should be enforced by sale of the lands, and that order of sale issue for this purpose to the sheriff of the county aforesaid.    From this judgment the defendant appealed, and assigns various errors.    There is no appearance nor brief for appellee in this court.

Upon an inspection of the record, we are of the opinion that the judgment cannot be affirmed, but must be reversed and remanded. From the averments of the petition, there are doubtless taxes due upon the land sued for for the years 1892 and 1893; but without an amendment of the pleadings, and additional evidence, the plaintiff's suit cannot be maintained for the recovery of any tax for school purposes.    To authorize a judgment for the recovery of such tax, it must be averred and proved that the city of Rockport had, in accordance with the provisions of the law authorizing such action, been duly organized into a separate school district.    There is no evidence of this in the record, and we cannot assume such was the fact.    The powers of municipal corporations are limited to such as are expressly conferred, or may be necessary for the exercise of powers expressly given.    Cities incorporated under the general law, as is the case as to the city of Rockport, cannot levy a tax for school purposes, as we have said, except under certain conditions.    Constitution, art. 11, sec. 10; Sayles' Civ. Stats., art. 425a, Act of 17th Leg., approved March 26, 1881.

Nor can any tax be recovered upon a lot or block of land situate in a city, where such lot or block has been assessed jointly with some other lot or block, unless the property had been rendered by its owner to be assessed jointly.    Without such rendition by the owner, each lot or

block must have its value separately assessed before there can be any tax levied on it. The transcript shows that all of the lots upon which the taxes sued for are adjudged to be due had not been separately assessed when the tax was levied. State v. Baker, 49 Texas, 763.

There is no authority that we are aware of to allow interest upon taxes from the time they were due, as was done upon trial of this case. Unless there be express provision in the statute that interest shall be recovered upon the tax from the time when it should have been paid, the courts have no authority to allow such interest; and a judgment for the recovery of the tax should bear interest only from its date. Edmondson v. City of Galveston, 53 Texas, 157.

It is uncertain from the terms of the judgment whether the lien established is against the property in solido or not. If so, the judgment is erroneous in this respect, as the lien given by law is only a lien upon each parcel of land for the tax due upon it. There is no lien upon one lot or block for the tax due upon any other lot or block of land.

What we have said disposes, we think, of all the assignments of error which have any merit in them. The objection urged by appellant to the board of equalization for the years 1892 and 1893, we think, is not valid. For the first year the members of this board were, the record recites, "appointed by the mayor with the consent of the aldermen;" and for the next year, 1893, "the board was appointed by the mayor." These quotations are from the minutes of the council, and they sufficiently show, we think, that the members of the board of equalization for the City of Rockport for each of the years 1892 and 1893, were appointed by the aldermen of the city. The council being in session, and the members of the board of equalization being named by the mayor in the presence of the council, no one objecting, such an appointment must be held, in a collateral attack, to be an appointment by the aldermen. Such we infer from the record was the manner in which the board was appointed for one of the two years, and, as to the other year, the record expressly declares, as we have seen, that the appointment was made by the mayor with the approval of the members of the council.

The judgment is reversed and the cause remanded, in accordance with the law as herein declared.

*Reversed and remanded.*