### SPARKS v. STATE ex rel. SALTILLO INDEPENDENT SCHOOL DIST.

#### No. 3848.

Court of Civil Appeals of Texas. Texarkana.
April 18, 1930.

Rehearing Denied May 1, 1930.

J. K. Brim, of Sulphur Springs, for appellant.

Ramey & Davidson, of Sulphur Springs, for appellee.

HODGES, J.

This appeal is from a judgment in favor of the Saltillo independent school district against the appellant for taxes due the district for the year 1927. While a number of defenses were pleaded, that mainly relied on iis that appellant's property had been assessed at too high a valuation as compared to other taxable property situated in that school district. It was alleged that the, trustees entered into a conspiracy to fix upon appellant's property a greater valuation than that placed upon other property of the same kind. In answer to special issues the jury found that the valuation placed upon appellant's property was not in excess of its actual value, and that the board of equalization did not adopt any fixed or arbitrary rule in valuing property of the district for taxation. The proof showed that appellant's property, which consisted of about 400 acres of land and some personalty, was assessed for taxes for that year. The land was valued at $5,684, and his personal property at $2,250. The taxes due the district upon that valuation amounted to $79.34. Appellant appeared before the board of equalization that year, and objected to the valuation placed upon his land, but offered no testimony as to what the property was worth, or what value should, be placed upon it; nor did he object to the amount assessed against him on the ground that any portion of his property taxes was situated outside of the district. When the time for the payment of taxes arrived, appellant appeared and tendered what he regarded as the amount of taxes he should pay upon a fair valuation of his property, which was less than the amount charged against

him on the tax rolls. The tender was refused by the collector, and the appellant did not pay any district school taxes for that year.

Appellant complains of the manner in which the amount of his taxes and the amount delinquent was proved in the trial of the case. It appeared from the evidence that the collector had been furnished with a tax roll duly certified, and from that roll had prepared a delinquent tax roll, which had been kept in the office of the collector. For some reason this delinquent roll had been lost and could not be produced on the trial. The collector was then permitted, over appellant's objection, to use the original roll from which the delinquent roll had been made in testifying as to the amount of appellant's taxes and the amount unpaid for the year 1927.

There was in fact no real controversy in the trial court as to the amount of taxes with which appellant was charged on the rolls, or the amount unpaid. While on the stand appellant admitted that he had not paid his taxes for that year, and did not claim that he was sued for more than was charged against him on the tax rolls. The evidence was ample to support a finding that the valuation of the property was fairly made by the board of equalization, that there was no fraud or intentional discrimination against the appellant, or that any arbitrary scheme for valuation of property in the district had been adopted by the board in equalizing values.

There was some evidence introduced to show that the Gulf Pipe Line Company owned 112 acres of land situated in that school district, and that this land had been rendered at a rate below that fixed on appellant's land; but the evidence also showed that the board of equalization endeavored to ascertain the true value of that property, and made a bona fide effort to place it upon an equality with other similar property in the district. Appellant requested the court to submit the following special issue: "What do you find was the reasonable cash market value of the 112 acres of land, with the improvements thereon situated, belonging to the Gulf Pipe Line Company on January 1st, 1927, situated within the metes and bounds of the Saltillo Independent School District?"

If the court had submitted that issue and the jury had found that the value was considerably more than that fixed by the board of equalization, that fact alone would not have required a judgment in appellant's favor. The valuation fixed by a board of equalization in such instances will not be disturbed, even though there is an inequality, when there is no proof of fraud or intentional discrimination or the adoption of some arbitrary scheme of valuation which results

in inequality. Rowland v. City of Tyler (Tex. Com. App.) 5 S.W.(2d) 756; Druesdow v. Baker (Tex. Com. App.) 229 S. W. 493.

■ In the trial appellant testified that 45 head of his cattle assessed in the Saltillo district were actually outside of that district on the 1st day of January of that year. He asked the court to submit the following special issue: "Do you find from the preponderance of the evidence that the defendant's 45 head of cattle assessed against him for taxes in the Saltillo Independent School District for the year 1927 were not within the metes and bounds of the Saltillo Independent School District on January the 1st, 1927?" That request was refused. Appellant does not in his pleadings allege that this or any of his property assessed for taxes was outside the limits of the school district, nor did he complain of that fact at the time he appeared before the board of equalization. The mere fact that some live stock was outside of the territory for which the tax is levied does not under all circumstances render the property exempt from taxation at the domicile of the owner. It may have been only a temporary removal of the property, or for the purpose of evading taxation in the territory of the owner's domicile. But there was no pleading setting up that defense.

We are of the opinion that the judgment should be affirmed, and it is accordingly so ordered.

### On Motion for a Rehearing.

■ We have reached the conclusion that this judgment should be reversed on the ground to which attention is called for the first time in the motion for a rehearing. It appears from the plaintiff's original petition that the taxes sued for were assessed against six different tracts of land, each bearing a separate abstract number. The description set out in the petition is as follows:

thereon from this date until paid at the rate of six per cent. per annum, together with all costs in this behalf incurred, and for a foreclosure of the tax lien against the following described real estate: (Then follows a description of four distinct tracts of land, including a lot in the town of Saltillo.)

"It is further ordered, adjudged and decreed by the Court that order of sale issue directed to the Sheriff or any constable of Hopkins County, Texas, directing him to seize and sell the above described real estate in satisfaction of plaintiff's debt, penalty interest and costs of suit, apportioning to each tract its prorata share of the entire tax, penalty, interest and costs of suit, and in addition thereto interest on this judgment from this date until paid at the rate of six per cent. per annum, together with all costs, and for which execution may issue.

"It is further ordered, adjudged and decreed by the Court that a lien exists against each of the above described tracts of land for the amount, interest and cost adjudged to be due on the same, and that the officers executing the order of sale make a deed or deeds thereof to the purchaser of said sale upon the compliance with the terms thereof, and that the defendant or any person or persons having legal or equitable interest in the land shall have the right to redeem the same within two years from the date of said sale by paying to the purchaser double the amount of money paid by the purchaser for said land," etc.

The manner in which the land is described in the judgment may be sufficient, but it is not entirely free from confusion.

■ It is now well settled by the decisions of this state that the lien on real property attaches to each particular tract for the portion of the taxes assessed against it. Richey v. Moor, 112 Tex. 493, 249 S. W. 172; Jod-

| Year Delinq. | No. Ac. | Description of property | Int. & Pen. | Taxes | Total |
|---|---|---|---|---|---|
| 1927 | J. Thompson | 70 A. Abst. #955 | | | |
| 1927 | B. F. Dodson | 53 A. Abst. #286 | | | |
| 1927 | R. DeSpain | 53 A. Abst. #907 | $8.73 | $79.34 | $88.07 |
| 1927 | M. Smith | 22 A. Abst. #878 | | All Total | |
| 1927 | J. Travieso | 208 A. Abst. #956 | | | |
| 1927 | J. W. Hatchell | Lot No. 4 Saltillo Abst. No. 495. | | | |

The judgment rendered is in part as follows:

"It is therefore ordered, adjudged and decreed by the Court that the Saltillo Independent School District should have and recover of and from J. T. Sparks the sum of Eighty-eight and 7/100 ($88.07) Dollars, with interest

on v. City of Brenham, 57 Tex. 655; Edmonson v. City of Galveston, 53 Tex. 157; Clegg v. State, 42 Tex. 605; McPhaul v. Byrd (Tex. Civ. App.) 174 S. W. 644. The enforcement of that rule of law is necessary in order to enable a property owner to exercise his right to redeem one tract of land without at the

same time redeeming other tracts where more than one has been sold. While the judgment in this case provides that each tract shall be sold to satisfy its proportion of the total amount of the judgment rendered, the record contains no data for ascertaining what portion of the taxes should be charged against any particular tract. The evidence does not show whether all of the property was assessed and valued in bulk, or in separate tracts; neither is there any evidence to show how much per acre the farm land was valued at, or what valuation was placed by the assessor or board of equalization on the town lot. In the absence of such evidence or some appropriate provision in the judgment, an important detail is committed to the judgment of a ministerial officer whose duty it is to execute the writ, without furnishing the officer any guide by which to make a proper apportionment of the amount of the judgment. Appellant pleaded specially that his land was appraised by the board of equalization at $14 per acre, but the evidence leaves that matter very uncertain. However, valuation of the farm land by the acre would hardly apply to the town lot. The judgment rendered is, we think, fundamentally wrong, and requires a reversal of the case.

In view of another trial, we suggest that, unless the plaintiff in the suit furnishes better evidence of the levy and assessment of the district taxes and their nonpayment, the court should instruct a verdict for the defendant. In the trial from which this appeal is prosecuted, the weakness of the evidence in that respect was in a measure supplied by the admission of the defendant in his testimony. He stated that his taxes for that year had not been paid, and that he had tendered to the collector what he (defendant) considered was the amount due upon a fair valuation of his property. The evidence of a levy and assessment of school district taxes should be a matter of record in the office of the collector, and those records, or certified copies, should be produced on the trial. It was not proper to permit the collector to testify as to the contents of a purported tax roll which was itself inadmissible because of a lack of certification as required by law.

It does not appear from the pleadings in this case that appellant's taxes due on his personal property were included in this suit, and for that reason the court did not err in refusing to submit the special interrogatory relative to the 45 head of cattle which he testified were not in the school district at the time his property was assessed.

For the reasons stated, the judgment will be reversed and the cause remanded for another trial.