### CHARLES H. LAWRENCE *et al.*

*v.*

### HENRY B. MILLER.

1. TAXES—*party may pay on any given part of a tract.* Where a quarter section of land is assessed for taxes as an entire tract, a party owning forty acres thereof, or any other part of which a particular description may be given, has the right to pay the taxes on such part, and it is the duty of the collector to receive the sum when tendered, and give a receipt therefor.

2. SAME—*relief in equity against sale.* Where the owner of three forties of a quarter section of land which was assessed for taxes as an entire tract offered to pay the taxes on his three forties, and demanded a receipt as to the same, which the collector refused, but gave a receipt for the taxes on the undivided three-fourths of the quarter, which was received under protest, and judgment was rendered against the undivided one-fourth, and it was sold to the State, it was *held,* that a court of equity would set aside the sale as to the three forties on which the taxes were paid.

APPEAL from the Circuit Court of Cook County; the Hon. W. W. FARWELL, Judge, presiding.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE and Mr. HENRY T. GLOVER, for the appellants.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

A certain quarter section of land was assessed as an entire tract. The complainants were owners, in severalty, of three forties of it. They applied to the collector, and speci-

fied the forties which they respectively owned, paid the taxes due thereon, and demanded receipts accordingly. The collector refused to give receipts as demanded, but, instead, gave a receipt specifying that he had received payment of the taxes on the undivided three-fourths of the quarter section. This was accepted under protest. Subsequently judgment was rendered in favor of the State against the undivided one-fourth of the quarter section for the taxes claimed to be due thereon, and it was, after being advertised, sold to the State to satisfy the judgment. Bill in chancery, setting up these facts, was filed in the court below to set aside the sale. A demurrer was interposed to the bill, for want of equity, which was sustained.

The question is, do the facts stated show sufficient ground for equitable relief?

The 162d section of the Revenue Act (Rev. Laws 1874, p. 885) provides that " the collector shall receive taxes on part of any lot, piece, or parcel of land charged with taxes, when a particular specification of the part is furnished. If the tax on the remainder of such lot or parcel of land shall remain unpaid, the collector shall enter such specification in his return, so that the part on which the tax remains unpaid may be clearly known." * * *

It was, therefore, the duty of the collector, when complainants specified the forties they owned, and tendered the taxes due thereon, to have accepted the money and given receipts for the taxes due on the respective forties, and to have indicated on his books that the taxes were unpaid only on the remaining forty. And judgment should have been applied for against the forty on which the taxes were unpaid, as an entirety, and not against the undivided one-fourth of the quarter section. When complainants had paid their taxes and particularly specified the tracts, they had done all they could, and all the law required, to protect their land against judgment and sale for delinquent taxes, and they were under no obligation to give the matter any further attention.

We think the demurrer was improperly sustained to the bill. The decree is, therefore, reversed, and the cause remanded.

*Decree reversed.*