### R. F. ASPLEY v. W. E. HAWKINS ET AL.

#### Application No. 4845.    Decided December 7, 1905.

**Petition for Writ of Error—Specifications of Error.**

Motion to dismiss a cause in the trial court because no mandate had issued on a former appeal was overruled, but the cause was dismissed on a motion presenting other grounds therefor; this judgment of dismissal was sustained on appeal on the ground that such action was proper because of the failure to have mandate duly issued. Held that a petition for writ of error alleging only error in so holding on the ground stated did not present a sufficient specification, since it charged error only in the ground of the court's ruling and not in its judgment. (Pp. 380, 381.)

Aspley appealed from a judgment dismissing his suit against Hawkins and others, and on its affirmance applied to the Supreme Court for a writ of error.

*Chas. I. Evans,* for petitioner.—[From argument in support of a motion for rehearing, which was overruled.]

It is respectfully submitted that the statute which requires the Court of Civil Appeals to file its conclusions of the facts and law of the case was intended to confine the Supreme Court to a review of the very questions of law so announced by the Court of Civil Appeals in their written opinion or conclusion as based upon the facts found by them. Rev. Stat., art. 1039; Act of March 30, 1905, Laws, 29th Leg., p. 71.

It is a great hardship and injustice to require a plaintiff in error to assign errors upon a case not made by the written conclusions and opinion of the Court of Civil Appeals—to go into the realm of conjecture and challenge the correctness of its decision upon every imaginable ground upon which it might possibly be supported. Such a doctrine, carried to its natural consequences, would be tantamount to a denial of the writ of error in almost every case. It would practically close the doors of this court to all litigants who have been denied justice in the lower courts; and the law seems to require the Court of Civil Appeals to file its conclusions in writing in all cases of which this court has jurisdiction for the very purpose of giving this court a specific case for it to review.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error and we are of the opinion that it should be refused.

The case is of long standing and has frequently been before this and other appellate courts of this state. A judgment was rendered in the case in the year 1891, from which an appeal was taken to the Court of

Civil Appeals at Dallas. That court in the year 1894 affirmed the judgment in part, but reversed and remanded the cause as to Aspley. It would seem, from the record before us, that no mandate was ever issued on that judgment, but in the view we take of the case that is unimportant.

Notwithstanding no mandate appears to have been issued, the case was again called for trial in the District Court of the Fourteenth Judicial District of Dallas County at a term which ended on the 30th day of August, 1903. When the case was called, two motions to dismiss were filed—one upon the ground that no mandate had issued upon the judgment remanding the cause, and the other upon other grounds not necessary to be mentioned. The court expressly overruled the former ground, but sustained the latter, and dismissed the case. From that judgment Aspley, an intervening plaintiff and the present applicant for the writ of error to this court, sued out a writ of error to the Court of Civil Appeals of the Fifth District. The cause having been transferred to .the Appellate Court of the Third District, that court held that for the reason that no mandate had ever issued, the cause was properly dismissed and affirmed the judgment without passing upon any other question.

The first specification of error in the petition for the writ of error assigned is that the "Court of Civil Appeals erred in affirming the judgment of the court below upon the ground that the mandate of the Court of Civil Appeals had not been taken out within twelve months after the judgment of said court was rendered, because, etc." Each of the other assignments is the same, except that under each a different reason is given in support of the assignment. Hence the assignments are the same as if there had been but one, supported by five different propositions.

Now if the Court of .Civil Appeals has made a right disposition of the case, it is no ground for reversal that they have given a wrong reason for their ruling. So that if the trial court correctly dismissed the case upon the other ground set up in the motions to dismiss, it is immaterial; that the Court of Civil Appeals sustained their ruling for a different reason. It is not assigned in the petition for the writ of error that the Court of Civil Appeals erred in not reversing the judgment for the reason that it was error to dismiss the case, but merely in effect that the Court of Civil Appeals erred in holding that it was properly dismissed because no mandate had issued upon the judgment which remanded the cause for a new trial. Hence conceding for the sake of the argument, that the proposition announced by the Court of Civil Appeals is erroneous (a point we do not determine), the question then was, did the trial judge err in dismissing the case? That question is not presented by the specifications of error in this court and therefore the application for the writ of 'error is refused.

*Writ of error refused.*