## R. D. RICHEY, TAX COLLECTOR, v. LEE MOOR.

### No. 3584.  Decided February 28, 1923.

### (249 S. W., 172.)

**1.—Tax Lien—Owner of Several Tracts.**

The lien for taxes imposed on landed property by article 8, section 15, of the Constitution and article 7528, Revised Statutes, in the same language, attaches only to each separate tract or parcel of land for the taxes assessed against it; it does not attach to other tracts rendered for taxation by the same owner and in the same rendition, but rendered, valued, and assessed separately. (pp. 496, 497).

**2.—Same—Statutory Construction.**

Article 8, section 15, of the Constitution, in adopting the language contained in the Constitution of 1869 as to the lien for taxes assessed against lands, must be deemed to have done so with the construction and meaning attached to it by repeated decisions of the Supreme Court. And this is consistent also with the general rule as to taxation of real property and with the statute carrying such constitutional provision into effect. (pp. 497, 498).

**3.—Cases Distinguished.**

Masterson v. State, 17 Texas Civ. App., 91, 42 S. W., 1003; Ryon v. Davis, 32 Texas Civ. App., 500, 75 S. W. 59; Turner v. City of Houston, 21 Texas Civ. App., 214, 51 S. W., 642; distinguished or questioned.  (p. 498).

**4.—Tax Lien—Tender on Separate Tracts.**

An owner who had rendered for taxation eight tracts of land, separately valued and assessed, was entitled to pay the tax on seven of such tracts, omitting one which he had sold to a purchaser who assumed payment of the tax against it; and on his tender of such taxes it was the duty of the collector to accept same and to issue to him a statutory receipt showing payment of taxes for the year on the seven tracts.  (pp. 498, 499).

**5.—Same.**

The general rule that taxes must be paid in full and at one time is subject to the qualification that the owner or a third person can pay the tax on a particular piece of property where his rights would be injuriously affected by a sale, or where it is necessary to pay taxes on a separate tract in order to preserve unimpaired his property rights.  (pp. 499-501).

Questions certified from the Court of Civil Appeals for the Eighth District, in an appeal from El Paso County.

*Will H. Pelphry, Chas. H. Veale,* and *D. E. Mulcahey,* for appellants.

The tax collector is not warranted nor justified under the law in accepting a fractional portion of taxes assessed against and due and owing by a taxpayer, and a tender of a sum of money which is insufficient to satisfy the amount of taxes due is not such a tender as would remove the property from the operation of the law as re-

gards delinquent taxes. Constitution 1876, Art. 8, Sec. 15; Revised Statutes 1911, Art. 7528, 7630, 7520, 7617, 7508, 7614, 7616; Lufkin Land & Lumber Co. v. Noble, 127 S. W., 1093; State v. Hoffman, 201 S. W., 653.

The court erred in rendering judgment for the appellee for the reason that it deprives the State and County of an express lien upon said seven tracts of land provided for both by the Statutes and the constitution, in the collection of whatever taxes might be assessed against the eighth tract. Masterson v. State, 17 Texas Civ. App., 91, 42 S. W., 1003; Ryon v. Davis, 32 Texas Civ. App. 500, 75 S. W., 59; Turner v. City of Houston, 21 Texas Civ. App., 214, 51 S. W., 642.

*Jones, Jones, Hardie & Grambling,* for appellee.

Judgment was properly rendered, compelling the tax-collector to receive said taxes and enjoining the defendants from further prosecuting any claims against plaintiff for such taxes, penalties and interest, for the reason that the lien granted by the Constitution and Statutes to secure current taxes extends only to the particular tract against which such taxes have been assessed. Constitution of 1869 and 1871, Art. 12, Sec. 20; Present Constitution of 1876, Art. 8, Sec. 15; Revised Statutes, 1911, Art. 7528, 7630, 7530, 7520, 7617, 7508, 7614, 7616, 7349-'53, 7357, and 7687-a; Jodon v. Brenham, 57 Texas, 655; Edmonson v. Galveston, 53 Texas, 157; State v. Baker, 49 Texas, 763; Clegg v. State, 42 Texas, 605; State v. Hunt, 207 S. W., 638.

When a person is indebted to another in several different items, —each item being secured by a lien upon separate and distinct tracts of land, the debtor may tender payment on any item and extinguish the lien securing the payment of such item. People v. Railroad Co., 110 N. E., 720; Salinas v. Ellis, 2 S. E., 121; Coit v. Claw, 28 Ark., 516; State v. Hoffman, 109 Texas, 133, 201 S. W., 653; 38 Cyc. 141. 37 Cyc. pages 1159, 1160, 1164, and 1165.

Appellee desires to call the attention of the Court to the authorities listed below, as bearing upon the propositions that the tender was sufficient; that mandamus was the proper remedy, and that the defendants in the trial court were the proper parties: Howell, Collector, v. Lamberson, 231 S. W., 872; Cooley on Taxation, 3rd Ed., Vol. 2, Page 808; 37 Cyc. 768; Parker v. Busby, 170 S. W., 1042; Public Service Co. v. Corboy, 250 U. S., 153, 63 Law Ed. 905.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on certified questions, and the facts stated are taken from the certificate. The suit was instituted by the appellee, Moor, against R. D. Richey and W. H. Pelphrey, appellants, Tax Collector and County Attorney, respectively, of El Paso County.

On January 1, 1917, Moor owned eight separate and distinct

tracts of land situated in said county, which, for convenience, are designated by numbers in this opinion. These tracts were listed on the same assessment sheet, but each tract was separately rendered and valued.

For the year 1917, State and County taxes were levied against the lands, and which the Tax Collector was authorized to collect, as follows: Tract No. 1, $2.80; Tract No. 2, $23.67; Tract No. 3, $23.68; Tract No. 4, $23.66; Tract No. 5, $10.82; Tract No. 6, $6.45; Tract No. 7, $27.82; Tract No. 8, $23.67; Total, $142.57.

In March, 1917, Moor conveyed tract No. 8, the purchaser assuming and agreeing to pay the taxes thereon for the year 1917.

The total of the taxes levied against tracts Nos. 1 to 7, inclusive, was $118.90.

On January 28, 1918, Moor tendered to Richey, the Collector, in full payment of the taxes for the year 1917, on said tracts 1 to 7, the amount stated. This tender was made in due form, and was legally maintained at all times thereafter and during the progress of this litigation, and the amount thereof paid into the registry of the court when this suit was instituted. No question is made as to the sufficiency of the tender, except as to the amount, and as to that only because it did not embrace the taxes due on tract No. 8. No tender was made of the taxes due on tract No. 8, Moor at the time advising the Collector that he had sold said tract, and that the purchaser had assumed the payment of the taxes due thereon.

The Collector refused the tender, and demanded payment of the taxes due on all of the eight tracts as a condition precedent to acceptance. The Collector has reported and listed the taxes as delinquent on the land, and is claiming that the land is now liable for penalties, interest, and costs as in the case of delinquent taxes.

On the day upon which this suit was filed, and prior to the filing thereof, the appellee again tendered to the Tax Collector the said sum of $118.90 in payment of the taxes due upon said tracts 1 to 7, which tender the Collector refused to accept unless Moor would also pay the penalties, interest, and delinquent costs charged against said lands.

Notice, as required by law, has been given by the Tax Collector to Moor that unless the taxes, penalties, interest and costs against the said seven tracts shall be paid, he will cause suit to be filed against said lands to recover said taxes, interest, penalties and costs. The Tax Collector and Pelphrey are threatening to file against said Moor a separate suit upon each of said seven tracts for the amount claimed to be due by the said Collector upon each of said seven tracts, and Moor will be called upon to defend said suits, and it will be necessary for him to incur the expense of employing attorneys to represent him therein.

On June 7, 1920, Moor filed this suit in the District Court of El Paso County, setting up the facts indicated and asking that the Collector be required to accept the taxes so tendered and to issue a receipt therefor as provided by law, showing the payment of the taxes for the year 1917, against each of said tracts, Nos. 1 to 7, and requiring him to refrain from reporting said lands as delinquent for the 1917 taxes, and restraining the said Richey, Collector, and Pelphrey, as County Attorney, from taking any further steps towards the collection of said taxes and from filing the threatened suits. Upon hearing the court rendered judgment granting the relief sought, and the appellants, Richey, as Tax Collector, and Pelphrey, as County Attorney, appealed, and the case is now pending in the Court of Civil Appeals for review. It is not shown that Moor has any homestead rights in any of the land.

Upon the foregoing statement of the case, the Honorable Court of Civil Appeals certifies the following questions:

"First: Are tracts Nos. 1 to 7, inclusive, upon which Moor tendered the taxes for the year 1917, incumbered by a lien to secure the payment of the taxes for the year 1917 upon tract No. 8?

"Second: Was it the duty of the Tax Collector to accept the tender made and issue a statutory receipt showing payment of the taxes for the year 1917, upon said tracts 1 to 7, inclusive?

"Third: If the second question be answered in the affirmative, would such acceptance and issuance of receipt for the money tendered release the lien, if any, of the State and County, on tracts 1 to 7, to secure the payment of taxes due on No. 8?"

The questions will be answered in the order in which they are presented.

The first question involves the construction of Section 15, Article 8, of the State Constitution, which reads:

"The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide." Harris' Constitution, p. 606.

The Constitution of 1869 contains provisions similar in purpose, reading as follows:

"Sec. 20. The annual assessments made upon landed property shall be a lien upon the property, and interest shall run thereon upon each year's assessment.

"Sec. 21. Landed property shall not be sold for the taxes due thereon, except under a decree of some court of competent jurisdiction.

"Sec. 22. Provisions shall be made by the first Legislature for the condemnation and sale of all lands for taxes due thereon; and every five years thereafter of all lands the taxes upon which have not been paid to that date." 7 Gammel's Laws, p. 423.

The difference between these two provisions is apparent, but in so far as a lien is given on land for taxes, the language used is substantially identical, and in meaning precisely the same.

Prior to the incorporation of the language used in Section 20, just quoted, with reference to a lien on land for taxes, in the Constitution of .1876, its meaning had been definitely declared by this Court. As used in the Constitution of 1869 it was held to mean that the lien provided for attached, not to the property of the taxpayer generally, but only to each separate tract or parcel of land for the taxes assessed against it. Jodon v. City of Brenham, 57 Texas, 655, 657; Edmonson v. City of Galveston, 53 Texas, 157, 161; State of Texas v. Baker, 49 Texas, 763; Clegg v. The State, 42 Texas, 605, 609.

By incorporating this language in the Constitution of 1876 without material change or modification, the people in adopting the Constitution necessarily adopted the construction previously given it by the highest court of the State, and the language of the present Constitution has the same meaning which it had in that of 1869 as declared by the Supreme Court. Taylor v. Boyd, 63 Texas, 533, 541; Trigg v. The State, 43 Texas, 645, 673-4; Carr v. Tucker, 42 Texas, 330, 337; Stallings v. Hullum, 89 Texas, 431, 434, 35 S. W., 2; Muench v. Oppenheimer, 86 Texas, 569, 570, 26 S. W., 496; Cooley's Const. Lim. (5th Ed.), p. 75.

We conclude that the lien provided by Section 15 of Article 8 of the Constitution attaches only to each separate tract or parcel of land for the taxes assessed against it.

Article 7528, Revised Statutes, was enacted in 1876, is in substantially the same language as the Constitution, is merely declaratory of the latter, and necessarily means the same thing.

In comparatively recent cases, one by this Court, and one by the Court of Civil Appeals, an interpretation has been given the Constitution consistent only with the construction here announced. State of Texas v. Farmer, 94 Texas, 232, 235, 59 S. W., 541; State v. Hunt, 207 S. W., 636, 638.

The conclusion stated is one consistent with the general rule as to taxation laws, which is that "the lien on real property attaches to each particular tract for the portion of the tax assessed against it." 26 R. C. L., p. 388, § 347; 37 Cyc., p. 1141. The construction here given is one in harmony with the statutory enactments carrying into effect the constitutional provision. Our entire scheme of taxation, from the initial proceeding of rendition to that of final

payment, or of sale under seizure or by court process, provides for keeping separate the description of each tract of land, with the amount of taxes levied against it, from other taxes assessed against the taxpayer, or taxes levied against other tracts of land. The statutes referred to will be cited later.

The appellants rely upon the cases of Masterson v. State, 17 Texas Civ. App., 91, 42 S. W., 1003; Ryon v. Davis, 32 Texas Civ. App., 500, 75 S. W., 59; and Turner v. City of Houston, 21 Texas Civ. App., 214, 51 S. W., 642.

We have carefully examined these cases, and the facts in each instance make them distinguishable from the case before us. These decisions are all by the Courts of Civil Appeals, and are either not in point or have not been adopted in such manner as to over-ride the previous opinions of this Court expressly construing the language of the constitutional provision here involved.

In one of the cases cited, (Masterson v. State), a writ of error was denied by this Court, but since apparently the Court of Civil Appeals had correctly disposed of the case, the refusal of the writ was not an approval of the erroneous construction of the constitutional provision here involved. Aspley v. Hawkins, 99 Texas, 380, 89 S. W., 972; American Indemnity Co. v. City of Austin, Texas Sup., not yet reported (112 Texas, 239, 246 S. W., 1019).

We will now pass to the second question, which is whether or not it was the duty of the Tax Collector to accept the tender made by appellee and issue a statutory receipt showing the payment of taxes for the year 1917 upon tracts 1 to 7 described in the certificate. Having concluded that the lien given by the Constitution against each separate tract of land is only for the taxes assessed against it, we should construe the statutes so that this constitutional purpose will be observed and the benefits and the rights reserved to the taxpayer may be accorded him in the application of the law. If we say that the taxpayer can not pay the taxes assessed against his tracts of land in severalty, and that he must pay the taxes on all the tracts, before a statutory receipt may issue and the lien on any one of them may be discharged, then, manifestly, for all practical purposes we have declared a lien on all his tracts for the respective taxes due on each. In other words, we have in the practical application of the statutes imposed a lien where the Constitution has not done so. The right to discharge the lien on any particular tract of land arises as a necessary corollary from the constitutional provision which limits the lien on any tract to the amount assessed against it. Our whole taxation system is based upon the idea that the amount assessed against each tract of land is, in effect, a separate tax. True, it becomes a part of the gross amount of taxes owed by the taxpayer, but it is separately assessed, separately secured by the lien, separately

set forth in the statutory tax receipt,—if paid, and if not paid, separately reported on the delinquent rolls; separately described when sued for, separately adjudged against the land, which must be separately sold, and specified in the tax deed.

A land tax, although a portion of the general taxes by the taxpayer, is nevertheless a separate and distinct tax against the land, and must be so considered from the initial step of rendition to the finality of the tax deed under seizure and sale by the sheriff or under orders of the court.

The statutes supporting the statements made above are as follows: Vernon's Sayles' Revised Civil Statutes (1914), Articles 7520, 7530, 7553, 7555, 7556, 7562, 7563, 7708, 7617, 7594, 7685, 7587a (Supp., 1922), 7688, 7689, 7688a (Supp. 1922).

These statutes, in the main, have been given effect by the courts, and, together with the opinions, clearly show that our public policy has been to treat the taxes assessed against each particular tract of land as possessing in most respects the elements of a separate tax. See generally, House v. Stone, 64 Texas, 677; Henderson v. White, 69 Texas, 103, 5 S. W., 374; State v. Farmer, 94 Texas, 232, 59 S. W., 541; City of San Antonio v. Railey, 32 S. W., 180; Moses v. McFarlain, 2 Posey's Unrep. Cas., 291; McCormick v. Edwards, 69 Texas, 106, 6 S. W., 32; Clegg v. State, 42 Texas, 607; State v. Baker, 49 Texas, 763; Edmonson v. City of Galveston, 53 Texas, 157; Schleicher v. Gatlin, 85 Texas, 270, 20 S. W,. 120; Fant v. Brannin, 2 Posey's Unrep. Cas., 323; Allen v. Courtney, 24 Texas Civ. App., 86; 58 S. W., 200.

While the general rule is that taxes must be paid in full at one time, and unless otherwise provided by statute a taxpayer can not tender a portion of the tax and demand a receipt therefor, yet this rule is subject to some qualification. The citizen always has the right to pay the amount of any one tax listed against him; or, as held in some jurisdictions, to pay the tax on any one item or piece of property which has been separately assessed, without offering to pay the taxes on other parts. 37 Cyc. pp. 1164, 1165; 27 Amer. & Eng. Ency. of Law, p. 761.

The last clause in the statement just made finds support in the authorities cited in the notes, but in most instances the statute directly or impliedly permitted the application of the exception to the rule. There are other exceptions to the general rule, which are recognized in many, if not in all, jurisdictions.

It is elementary that persons other than the owner can pay the tax on a particular piece of property where his rights would be injuriously affected by a sale. Cooley on Taxation, 3d Ed., Vol. 2, p. 802.

A vendee, mortgagee, or remainderman may pay taxes on land in order to protect his interests. Swope v. Missouri Trust Co., 26 Texas Civ. App., 133, 62 S. W., 947; See also Lawrence v. Miller, 86 Ill., 502; Stone v. Tilley, 100 Texas, 487, 489, 10 L. R. A. (N. S.), 678, 123 Am. St., 819, 101 S. W., 201; Cooley on Taxation, supra, p. 812; Mateer v. Jones, 102 S. W., 734, 736.

In considering the rule requiring the full payment of the taxes, we think it an appropriate deduction from the authorities to say that where it is necessary for any one, in order to preserve unimpaired his property rights, to pay the taxes due on any separate tract or parcel of land which has been separately assessed, he has the right to do so; and where the statutes can be construed to accomplish this end, they should be so construed.

Under the constitutional provision before us, the right of the citizen to have any tract of his land free of any lien, except that to secure the taxes levied against it, is an important, substantial, and real property right, not limited by the Constitution by any obligation to pay all other taxes due by him. If we were to say that the taxpayer can not pay the taxes on one tract of his land without paying on all, or paying all of his taxes, in its final effect on him, as previously stated, we would be awarding a lien not provided by the Constitution, or imposing a quasi-distraint not warranted by that instrument. The general rule that all taxes due must be paid at one time is not to be so blindly followed as to subvert the plain meaning of the organic law.

Without attempting to review the statutes composing our taxation system, we may say, generally, that three methods are provided for securing and collecting taxes: First, foreclosure of and sale under the constitutional lien imposed on each tract of land for the taxes assessed against it; second, the summary process of seizure and sale by the collector; and third, suit for taxes, and the levy on and sale of all lands (except the homestead) in satisfaction of the judgment. Having provided these three methods of enforced collection of taxes by express and elaborate laws, we can not say that a fourth method, to-wit: that of retaining the lien on each particular tract by refusing to take the taxes due thereon when tendered until all taxes are paid, arises by implication or in virtue of any general rule.

We are of the opinion that the tax against each separate tract or parcel of land, in so far as the right of payment is concerned, is to be regarded as a separate tax, and may be paid without at the same time paying other taxes. Since the right of payment exists, the statutory receipt should issue, correctly describing the property and the tax,—limiting the effect, of course, to the property actually involved and the tax actually paid.

From what we have said, it follows that the first question certified must be answered in the negative, and the second in the affirmative. The answer to the first question makes it unnecessary that we answer the third.