## TOWN OF PLEASANTON v. VANCE.
### (No. 2121.)

Court of Civil Appeals of Texas. El Paso. March 8, 1928.

**1. Municipal corporations ⬥978(9)—Town's petition in suit to collect taxes held demurrable where alleged right was based on ordinance and legislative act, but ordinance made no levy and petition did not allege amounts due (Acts 40th Leg. [1927] c. 233).**

In town's suit for collection of taxes, wherein plaintiff based its right on an ordinance of the city council and on a special act (Acts 40th Leg. [1927], c. 233, known as House Bill No. 644), petition *held* demurrable since ordinance made no levy and petition itself did not allege amounts claimed by town to be due.

**2. Taxation ⬥507—Lien for taxes attaches only to land for taxes assessed against it.**

It is well settled that the lien for taxes attaches only to the land for taxes assessed against it.

**3. Taxation ⬥518—Owner is entitled to pay taxes on separate tracts without paying on all property assessed against him (Rev. St. 1925, art. 7174).**

Owner of land is entitled to pay taxes on separate tracts, valued separately, as provided by Rev. St. 1925, art. 7174, without paying on all the property that may be assessed against him.

**4. Taxation ⬥335—Presumption is property owner performed duty and returned property as it appears on tax rolls (Rev. St. 1925, arts. 7152, 7193).**

In the absence of a contrary showing, it will be presumed that the owner of property performed the duty imposed upon him by Rev. St. 1925, art. 7152, and returned property as it appears on tax rolls, instead of assessor's having rendered property for taxation as provided by article 7193.

**5. Municipal corporations ⬥978(9)—In tax collection suit, sustaining special exception to town's petition because petition and schedules did not show amount of taxes claimed to be due on each separate lot held proper (Rev. St. 1925, art. 7174).**

In tax collection suit by town, court's sustaining special exception to petition because petition and tax schedules failed to show amount of taxes claimed to be due on each separate tract or lot, valued separately, as provided by Rev. St. 1925, art. 7174, *held* proper.

Error from District Court, Atascosa County; John M. Green, Judge.

Tax suit by the Town of Pleasanton against P. A. Vance. Judgment for defendant, dismissing the suit, and plaintiff brings error. Affirmed.

See, also, 277 S. W. 89.

W. M. Abernethy, of Pleasanton, and Dibrell & Mosheim, of Seguin, for plaintiff in error.

Powell & Green, of San Antonio, for defendant in error.

PELPHREY, C. J. Plaintiff in error brought this suit in the district court of Atascosa county to recover delinquent taxes alleged to be due the town of Pleasanton by defendant in error for the years of 1918 to 1924, inclusive, amounting to $830.66. A general demurrer was sustained to the amended petition of plaintiff in error as to the years of 1918 to 1923, inclusive, but not as to 1924.

A special exception was urged by the defendant in error to the petition, and particularly as to the tax schedules, because the petition and schedules failed to show the amount of taxes claimed to be due on each separate tract or lot.

This exception was also sustained by the court, and, upon plaintiff in error refusing to amend, the suit was by the court dismissed.

From the action of the trial court in sustaining the general demurrer and special exception and the order of dismissal, the town of Pleasanton has brought the case to this court by a writ of error.

### Opinion.

Plaintiff in error based its right to recover the taxes sued for on two theories: (1) That the taxes accrued by virtue of an ordinance of the city council of the town of Pleasanton, Tex., passed at the regular meeting held on the 7th day of December, 1925; or (2) that it was entitled to recover from defendant in error by virtue of a special act of the Fortieth Legislature (c. 233) of the state of Texas, known as House Bill No. 644.

[1] The ordinance which plaintiff in error depends on reads as follows:

"Whereas, this city council having been brought to a knowledge that its levy of taxes for the years 1917, 1918, 1919, and 1920 have been declared invalid by a decision of the proper courts of this state by reason of a failure on the part of the council to comply strictly with the requirements of the laws in such cases made and provided, and said levies are therefore not of such binding effect as to create the statutory lien upon lots and lands situated within the corporate limits of the town of Pleasanton, and it further appearing to the council that, in levying taxes for the years 1921, 1922, 1923, the laws relating to the levy of taxes by cities and towns have not been strictly complied with, and that, therefore, the taxes so levied for said years are also invalid:

"Therefore, be it ordained by the city council

of the town of Pleasanton, That the levies of taxes on real estate by the city council of the town of Pleasanton for the years 1917, 1918, 1919, 1920, 1921, 1922, and 1923, upon lots and lands situated within the corporate limits of said town, be and they are hereby canceled as to all taxes now remaining unpaid; and,

"Be it further ordained that all city taxes heretofore fully paid in accordance with the levies, for said years 1917, 1918, 1919, 1920, 1921, 1922, and 1923, be and are hereby accepted by the city council in full payment and settlement of all claims for city taxes against the property for which said taxes were paid for said years or any of them; ·and

"Be it further ordained by the council that W. M. Abernathy be and he is hereby authorized, · empowered, and directed to make a list in triplicate showing a complete description of all real estate situated within the corporate limits of the town of Pleasanton, subject to taxation, upon which the taxes for the years 1917, 1918, 1919, 1920, 1921, 1922, and 1923 remain unpaid, and present such list to this city council for its inspection and approval."

As we view the above ordinance, it neither makes nor attempts to make any levy upon the property involved in this suit. It merely attempts to cancel the invalid levies theretofore made, and does not even attempt to fix any rate of taxation on the property upon which taxes at that time remained unpaid. There being no levy made, the petition, in so far as it alleges a cause of action by virtue of such ordinance, is subject to a general demurrer, and the court's action in sustaining the demurrer to that part of the petition was correct.

Plaintiff in error sets out in its petition the special act of the Fortieth Legislature, but nowhere in its petition alleges the amount or amounts due it under the invalid assessments which the Legislature by the act referred to attempts to validate. ·

If plaintiff in error expects to recover upon the invalid levies previously made and subsequently validated by the Legislature, the amounts due under such invalid levies would necessarily need to be alleged and proved.

The schedules incorporated in the petition are alleged to have accrued by virtue of the ordinance above quoted, and there is nothing in the petition to show either what the levies were for the years referred to or the amounts due and unpaid therefor. We are, therefore, of the opinion that the action of the court was correct in sustaining the general demurrer to the petition in so far as the taxes for the years of 1917, 1918, 1919, 1920, 1921, 1922, and 1923 are concerned.

The following ordinance was also alleged to have been enacted relative to the taxes for the year 1924:

"Be it ordained by the city council of the town of Pleasanton, Tex., That the following rates of taxes be, and the same are hereby levied for city purposes for the year 1924 upon all property situated within the limits of the town of Pleasanton and subject to taxation under the Constitution and laws of the state of Texas, viz.:

"For general fund, 15 cents on the $100 valuation.

"For waterworks fund, 25 cents on the $100 valuation.

"For refunding warrants sinking fund, 20 cents on the $100 valuation.

"For street and bridge fund, 15 cents on the $100 valuation.

"Be it further ordained that poll tax of $1 be and the same is hereby levied upon all persons residing within the corporate limits of the town who are 21 years of age and not over 60 years of age, and who are liable to payment of a poll tax under the laws and Constitution of the state of Texas."

Plaintiff in error alleges that the taxes set out in the schedule for the year 1924, accrued by virtue of the above ordinance which was passed by the council on the 11th day of July, 1924.

Defendant in error leveled the following special exception at the petition of plaintiff in error, and particularly at the part thereof referred to as the "schedules," pages 2 to 8:

"XV. Defendant specially excepts to plaintiff's first amended original petition herein, and particularly to that part thereof referred to as the 'schedules,' pages 2 to 8, because the valuations placed upon the several separate and distinct parcels and lots of defendant's land for purposes of taxation by the town of Pleasanton are nowhere shown therein, and because different and distinct lots, having different and distinct values, are grouped together in said schedules and a total amount of taxes claimed thereon is set opposite said group, making it impossible for this defendant to determine upon what basis of valuation, as to each separate and distinct tract or lot of land, the plaintiff is claiming the taxes asserted to be due it; because said petition, and especially said schedules, wholly fail to inform this defendant what part of said taxes is claimed to be due upon each of said tracts and lots, and because this defendant is unable to determine from said petition, and especially from said schedules, upon which of said lots or tracts an excessive and arbitrary valuation has been placed by the assessor of the town of Pleasanton, or if said valuation was made by the board of equalization in abuse of the discretion of said alleged board, although this defendant knows that the total amount of taxes is out of all proportion to the reasonable value of said property, and that some, if not all, of said lots have been assessed at an arbitrary, excessive, discriminatory, and confiscatory valuation."

The exception was sustained by the court, and its action in so doing is made the basis of several of the assignments of plaintiff in error. While it is true that the law makes it the duty of the owner to render his property for taxation (article 7152, Revised Statutes 1925), it is also the duty of the assessor to render it in cases where the owner fails from any cause to do so. Article 7193, Revised Statutes 1925.

[2, 3] It is well settled that the lien for taxes attaches only to the land for taxes assessed against it, and that an owner is entitled to pay taxes on the separate tracts without paying on all the property that may be assessed against him. Richey v. Moor, 112 Tex. 493, 249 S. W. 172.

[4] It seems also to be well settled that, in the absence of a showing to the contrary, it will be presumed that the owner of property performed the duty imposed upon him by the statute and returned the property as it appears on the tax rolls.

In the case before us, we find the following allegation relative to the rendering of the property as shown by the schedules:

"(8) That the legal officers of said town duly and legally levied, reassessed, valued, rendered, and reported the above-described property of defendant for the respective amounts of taxes, interest, penalties, and costs for the respective years as in said schedules set out and itemized; that said property was listed, inventoried, and rendered and taxes were reassessed upon said listing, inventoried, and rendered for the respective amounts as shown and itemized in said schedules, and that the said taxes accrued and became due for the respective years as in said schedules shown."

The schedules referred to show that the several lots were not valued separately as required by article 7174 Revised Statutes 1925, and the petition shows that the property was rendered by the officers of the town.

[5] This being true, the petition was subject to the objection made, and the court was correct in sustaining the exception and, upon the refusal of plaintiff in error to amend, correctly dismissed the suit.

This disposes of the questions raised, and the judgment of the trial court is in all things affirmed.

Affirmed.