

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. Mann
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Conrad J. Landram
Assistant District Attorney
Houston 2, Texas

Dear Sir:

Opinion No. O-5656
Re: Under what circumstances may the
owner of property make partial
payments on a tax judgment that
is final?

    This is in reply to your letter of October 2, 1943,
which reads as follows:

    "Under what circumstances may the owner of
property make partial payments on a tax judgment
that is final?

    "We have the following possible types of cases:

    "(a)  A single parcel of property with several
years of delinquent taxes but a lump sum judgment
for the whole. -- Can any one year plus all of the
costs be paid without paying the entire judgment?

    "(b)  Several separate parcels of property
separately assessed and ordered to be sold separ-
ately.  Certainly each separate parcel may be re-
deemed under such a judgment."

    There is no provision in the statutes for partial pay-
ment of delinquent taxes on a single parcel of land separately
assessed and which have been reduced  to judgment.  Therefore,
it is our opinion that, where judgment has been taken in a lump
sum for several years of delinquent taxes on a single parcel
of land, the taxes for one year plus all of the costs cannot
be paid without paying the entire judgment.

    However, where a judgment has been taken for delinquent
taxes against several separate parcels of land which were
separately assessed and ordered to be sold separately, the tax
against each separate tract or parcel of land, insofar as the
right of payment is concerned, it so be regarded as a separate
tax, and may be paid without at the same time paying other
taxes.  In the case of Richey v. Moor, 249 S. W. 172, Moor

owned 8 separate and distinct tracts of land which were list-
ed on the same assessment sheet, but each tract was separate-
ly rendered and valued. He tendered to the tax collector the
taxes due on tracts 1 to 7, but the tax collector refused said
tender and demanded payment of the taxes due on all of the 8
tracts as a condition precedent to acceptance. Moor filed
suit asking that the collector be required to accept the taxes
so tendered, and to issue a receipt therefor as provided by
law showing payment of the taxes against each of said tracts
Nos. 1 to 7. Upon hearing the trial court granted the re-
lief sought and, while said case was pending in the Court of
Civil Appeals, certain questions were certified to the Supreme
Court, among said questions being one as to whether the tax
collector should have accepted the tender made. This ques-
tion was answered in the affirmative and, in so answering said
question, the Supreme Court made the following holding:

> "A land tax, although a portion of the gen-
> eral taxes due by the taxpayer, is nevertheless
> a separate and distinct tax against the land, and
> must be so considered from the initial step of ren-
> dition to the finality of the tax deed under sei-
> zure and sale by the sheriff or under orders of
> the court. . . . . While the general rule is that
> taxes must be paid in full at one time, and, unless
> otherwise provided by statute, a taxpayer cannot
> tender a portion of the tax and demand a receipt
> therefor, yet this rule is subject to some qualifi-
> cation. The citizen always has the right to pay
> the amount of any one tax listed against him, or
> as held in some jurisdictions, to pay the tax on
> any one item or piece of property which has been
> separately assessed, without offering to pay the
> taxes on other parts. . . . . .

> " . . . . .

> "In considering the rule requiring the full
> payment of the taxes, we think it an appropriate
> deduction from the authorities to say that, where
> it is necessary for any one, in order to preserve
> unimpaired his property rights, to pay the taxes
> due on any separate tract or parcel of land which
> has been separately assessed, he has the right to
> do so; and, where the statutes can be construed to
> accomplish this end, they should be so construed.
> Under the constitutional provision before us, the
> right of the citizen to have any tract of his land
> free of any lien, except that to secure the taxes
> levied against it, is an important, substantial,

and real property right, not limited by the Constitution by any obligation to pay all other taxes due by him. If we were to say that the taxpayer cannot pay the taxes on one tract of his land without paying on all, or paying all of his taxes, in its final effect on him, as previously stated, we would be awarding a lien not provided by the Constitution, or imposing a quasi-distraint not warranted by that instrument. The general rule that all taxes due must be paid at one time is not to be so blindly followed as to subvert the plain meaning of the organic law.

"Without attempting to review the statutes composing our taxation system, we may say, generally, that three methods are provided for securing and collecting taxes: First, foreclosure of and sale under the constitution lien imposed on each tract of land for the taxes assessed against it; second, the summary process of seizure and sale, by the collector; and, third, suit for taxes, and the levy on and sale of all lands (except the homestead) in satisfaction of the judgment. Having provided these three methods of enforced collection of taxes by express and elaborate laws, we cannot say that a fourth method, to wit, that of retaining the lien on each particular tract by refusing to take the taxes due thereon when tendered until all taxes are paid, arises by implication or in virtue of any general rule. We are of the opinion that the tax against each separate tract or parcel of land, in so far as the right of payment is concerned, is to be regarded as a separate tax, and may be paid without at the same time paying other taxes. Since the right of payment exists, the statutory receipt should issue correctly describing the property and the tax, limiting the effect, of course, to the property actually involved and the tax actually paid."

The Supreme Court was here dealing with the payment of delinquent taxes before same had been reduced to judgment, but the same principle is applicable at all times. Therefore, it is our opinion that the tax against each separate tract or parcel of land may be paid at any time without at the same time paying taxes on other tracts of land, even though same may have been included in the same judgment, and that your question (b) should be answered in the affirmative.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:db:wc

APPROVED NOV 8, 1943
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman