

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

XXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable W. L. Edwards
County Attorney
Victoria County
Victoria, Texas

Dear Sir:

Attention:  Mr. F. O. Proctor, Jr.

Opinion No. O-5227
Re:  Whether a person may pay second
half of taxes on one tract of
land without paying the second
installment on other tracts of
land.

Under the date of April 15, 1943 you submit for the opinion of this department the following question, which we quote from your letter:

"Where a person has paid the first half of the taxes assessed against a number of separately rendered and valued tracts under Article 7336 Vernon's Revised Civil Statutes, is it possible for him to pay the second installment of said taxes on only one of the tracts.?"

In the case of Richey vs. Moor, 249 S. W. 172, the Supreme Court of Texas clearly declared the right of a taxpayer to pay his taxes assessed against one tract without, at the same time, paying taxes assessed against other property.  We quote from said case as follows:

"While the general rule is that taxes must be paid in full at one time, and, unless otherwise provided by statute, a taxpayer cannot tender a portion of the tax and demand a receipt therefor, yet this rule is subject to some qualification.  The citizen always has the right to pay the amount of any one tax listed against him, or as held in some jurisdictions, to pay the tax on any one item or piece of property which has been separately assessed, without offering to pay the taxes on other parts.  37 Cyc. pp. 1164, 1165; 27 Amer. & Eng. Ency. of Law, p. 761.  The last clause in the statement just made finds support in the authorities cited in the notes, but in most instances the statute directly or impliedly permitted the application of the exception to the rule.  There are other exceptions to the general rule which are recognized in many, if not in all, jurisdictions."

The rule laid down by Richey vs. Moor, supra, was declared long before the amendment of Article 7336, V. A. C. S., providing the "split-payment plan" for taxes. Your question in effect is whether Article 7336, supra, alters the right of a taxpayer to pay his taxes on one tract of land, which was separately assessed for taxes, without paying his taxes on other separately assessed tracts. Article 7336 reads in part as follows:

"(a) If any person shall pay, on or before November thirtieth of the year for which their assessment is made, one-half (1/2) of the taxes imposed by law on him or his property, then he shall have until and including the thirtieth day of the succeeding June, within which to pay the other one-half (1/2) of his said taxes without penalty or interest thereon.

"If said taxpayer, after paying said one-half (1/2) of his taxes on or before November thirtieth, as hereinbefore provided, shall fail or refuse to pay, on or before June thirtieth next succeeding said November, the other one-half (1/2) of his said taxes, a penalty of eight (8%) per cent of the amount of said unpaid taxes shall accrue thereon."

We find no language in Article 7336, supra, which indicates a legislative intention to change the rule laid down in Richey vs. Moor, supra. We agree with your statement that Article 7336, supra, was enacted for the purpose of further aiding property owners in paying their taxes and does not take away from them any rights they had under the rule as announced in Richey vs. Moor, supra.

We concur with your opinion that where a person has paid the first half of the taxes assessed against a number of separately rendered and valued tracts under Article 7336, supra, he is nevertheless, entitled to pay the second installment of said taxes on only one of the tracts if he so desires.

We trust that we have satisfactorily answered your inquiry.

Yours very truly

APPROVED APR 28, 1943                    ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann                       By  /s/ Lee Shoptaw
                                             Lee Shoptaw
ATTORNEY GENERAL OF TEXAS                    Assistant

LS:mw:lm          APPROVED OPINION COMMITTEE BY /s/ BWB CHAIRMAN