

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

*Affirmed by*
*C - 338*

December 14, 1948

Hon. Sam Lee
County Attorney
Brazoria County
Angleton, Texas

Dear Mr. Lee:

Opinion No. V-734

Re: Legality of paying State and County ad valorem taxes without at the same time paying drainage district taxes on the same tax roll.

You request an opinion upon the following questions:

"Drainage District No. 4, located entirely within Brazoria County, Texas, was created under Section 52 of Art. 3 of the Constitution of the State of Texas and subsequently availed itself of the benefits of Art. 16, Section 59 of the Constitution without change of name.

"The Commissioners' Court of Brazoria County determines the tax valuation of the drainage district as a board of equalization and sets the tax levy as well as adopts the budget for the drainage district.

"Due notices of hearings were given and hearings were held on the questions of values and budget for the district, but no taxpayer appeared and entered a protest on the values, the budget or levies. The Tax Collector and Assessor for Brazoria County, Texas has made up his tax rolls for the year 1948 and is now receiving taxes for the year 1948. The drainage district tax is on the same tax roll as the state and county taxes and is payable at the same time the state and county taxes are payable. The Tax Collector has asked me the following questions:

"1. Can a taxpayer owning property located within the drainage district and taxable by such district, pay his state and county taxes on his property located within such drainage district, without at the same time, paying his drainage district taxes on this property?

"2. In the event that such state and county taxes are payable without the drainage district

tax being paid, am I, as Tax Collector, authorized
to give the taxpayer a receipt showing his state and
county taxes paid?

"3. In the event that a taxpayer tendered pay-
ment of his State and county taxes prior to Novem-
ber 2nd without the payment of his drainage district
taxes and I refused the same, is such taxpayer en-
titled to the percentage reduction provided by stat-
ute for the payment of taxes on or before November
2nd?"

We note briefly the status of drainage districts. Such
districts are created by constitutional and statutory authority,
and exist separate and apart from the counties wherein they are
located. The following authorities support this view: American
Surety Company of New York v. Hidalgo County, 283 S.W. 267
(writ refused); Harris County Flood Control District v. Mann,
135 Tex. 239, 140 S.W.(2d) 1098. From the first case we quote:

". . . The drainage district is as much an entity as
is the city, and clothed with the authority to 'sue
and be sued in all courts of this state in the name
of such drainage district, and all courts of this
state shall take judicial notice of the establish-
ment of all such districts.' Hidalgo county in this
suit has appeared for it as would the next friend
for a minor or a lunatic, but that has not destroy-
ed its separate existence as a drainage district.
Matagorda County Drainage District v. Gaines &
Corbett (Tex.Civ. App.) 140 S.W. 370."

Neither the State of Texas nor the County of Brazoria
has any interest in the funds or taxes of the drainage district.
The fact that the Commissioners' Court, the Tax Assessor-
Collector, the County Auditor, and the County Treasurer have
certain duties conferred upon them by law in the administra-
tion of the fiscal affairs of the district does not change this.
In the performance of these duties they are merely perform-
ing additional duties, not inconsistent with those ordinarily re-
quired of them under the law. That such additional duties may
be required of them by the Legislature has been approved by
our courts, and for this they receive no additional compensa-
tion. Settegast v. Harris County, 159 S.W.(2d) 543 (Ct.Civ.App.,
writ of error denied). The State and County taxes constitute
separate and distinct obligations of the taxpayer, quite sepa-
rate and distinct from the drainage district taxes.

Your request reveals that you have done a commend-

able amount of work and research upon the questions presented, but after careful consideration we have reached opposite conclusions from those expressed by you. We have concluded that all three questions should be answered in the affirmative. In the case of Richey, Tax Collector v. Moor, 112 Tex. 493, 249 S.W. 172, Chief Justice Cureton, speaking for the Supreme Court, said:

> "In considering the rule requiring the full payment of the taxes, we think it an appropriate deduction from the authorities to say that, where it is necessary for any one, in order to preserve unimpaired his property rights, to pay the taxes due on any separate tract or parcel of land which has been separately assessed, he has the right to do so; and, where the statutes can be construed to accomplish this end, they should be so construed. Under the constitutional provision before us, the right of the citizen to have any tract of his land free of any lien, except that to secure the taxes levied against it, is an important, substantial, and real property right, not limited by the Constitution by any obligation to pay all other taxes due by him. If we were to say that the taxpayer cannot pay the taxes on one tract of his land without paying on all, or paying all of his taxes, in its final effect on him, as previously stated, we would be awarding a lien not provided by the Constitution, or imposing a quasi-distraint not warranted by that instrument. The general rule that all taxes due must be paid at one time is not to be so blindly followed as to subvert the plain meaning of the organic law. We are of the opinion that the tax against such separate tract or parcel of land, insofar as the right of payment is concerned, is to be regarded as a separate tract, and may be paid without at the same time paying other taxes." (Emphasis supplied)

It is true that the identical question before the court in this case is not the same as here, but we think the principle is the same. Judge Cureton was speaking specifically of taxes upon separate tracts of land separately assessed, but from the language used it seems it would apply with equal force to separate taxes upon the same property. Note some of the language used by Judge Cureton in this opinion. For example he says: "The taxpayer is not required to pay all other taxes due by him; . . . or paying all of his taxes" without at the same time paying other taxes. The drainage tax is a part of the taxpayer's other taxes, and is a part of all other taxes due by him.

Moreover, as observed by Judge Cureton, if we were to hold that the taxpayer must pay his drainage district taxes at the same time he pays his State and County taxes, we would in effect be endeavoring to enforce a lien for the payment of one tax to require the payment of another separate and distinct tax, and to place upon the taxpayer a distraint as to the payment of his State and County taxes not provided for in the Constitution or statutes.

In the absence of some statutory authority requiring the taxpayer to pay his drainage tax, which is a separate tax and secured by a separate lien, at the same time he pays his State and County taxes, such a requirement is unauthorized, notwithstanding his drainage tax is upon the same tax roll as the State and County taxes. The facts that the Commissioners' Court acts as a board of equalization as to the drainage taxes and that the County Tax Collector collects the tax, are not sufficient within themselves to require the taxpayer to pay the drainage tax at the same time he pays his State and County taxes, if he chooses not to do so. The Legislature has made ample provision for the collection of drainage district taxes, both current and delinquent (Arts. 8135 to 8144, V.C.S.); but placing a distraint upon the taxpayer as to the payment of the State and County taxes unless his drainage taxes are paid at the same time is not one of the methods provided by the Legislature.

It is, therefore, our conclusion that a taxpayer may pay his State and County taxes at any time they are due and payable, notwithstanding he may choose not to pay at the same time his drainage district taxes assessed on the State and County rolls.

## SUMMARY

State and County taxes may be paid without requiring the taxpayer to pay drainage district taxes upon the same property, notwithstanding the drainage district taxes are assessed upon the same tax rolls. American Surety Co. of New York et al v. Hidalgo County et al, 283 S.W. 267 (writ refused); Harris County Flood Control District v. Mann, 135 Tex. 239, 140 S.W.(2d) 1098; Richey, Tax Collector v. Moor, 112 Tex. 493, 249 S.W. 172; Arts. 8135 to 8144, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL

By

L. P. Lollar
Assistant

LPL/JCP