Matyastik v. CISD 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-569-CV





JANE MATYASTIK,



 APPELLANT


vs.





CAMERON INDEPENDENT SCHOOL DISTRICT, CITY OF CAMERON 


AND COUNTY OF MILAM,



 APPELLEES



 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 22,035, HONORABLE TED BUTLER, JUDGE PRESIDING



 





PER CURIAM

 This appeal arises from a suit for delinquent property taxes. Appellee Cameron
Independent School District sued appellant Jane Matyastik for tax, penalty, and interest due on
Matyastik's real and personal property for 1988. Appellee City of Cameron intervened and
claimed tax, penalty, and interest due from Matyastik on the same real and personal property for
both 1986 and 1988. Appellee County of Milam also intervened and claimed tax, penalty, and
interest due on Matyastik's personal property for 1990. The court held a nonjury trial, after
which it rendered judgment. Under this judgment, the District recovered tax, penalty, and interest
due for 1988; the City recovered tax due for 1986 and tax, penalty, and interest due for 1988; and the County recovered tax, penalty, and interest due for 1990. The trial court filed
findings of fact and conclusions of law. From the trial court's judgment, Matyastik appeals. 

 Matyastik brings four points of error on appeal in which she contests (1) the court's
failure to find that she timely tendered her District and City taxes; (2) the court's admission in
evidence of the District's and City's delinquent tax affidavits; and (3) the legal sufficiency of the
evidence to support the County's recovery. We will affirm the trial court's judgment. 

 In points of error one and two, Matyastik contests the trial court's judgment for tax,
penalty, interest, costs, expenses, and attorney's fees due the District for 1988 and due the City
for 1986 and 1988. Matyastik claims that because she timely tendered all tax payments, the tax
collectors erred in refusing them.

 The District and City introduced in evidence certified copies of their delinquent tax
records for the years in dispute. These records established prima-facie proof of Matyastik's tax
delinquency. Tex. Tax Code Ann. § 33.47(a) (West 1992); Davis v. City of Austin, 632 S.W.2d
331, 333 (Tex. 1982); State v. Whittenburg, 265 S.W.2d 569, 572 (Tex 1954); Hays Consol.
Indep. Sch. Dist. v. Valero Transmission Co., 645 S.W.2d 542, 546 (Tex. App.--Austin 1982, writ
ref'd n.r.e.). The burden then passed to Matyastik both to offer her defensive evidence and to
persuade the court that her defense of timely tender was valid. Whittenburg, 265 S.W.2d at 572;
Keystone Operating Co. v. Runge Indep. Sch. Dist., 558 S.W.2d 82, 84 (Tex. Civ. App.--San
Antonio 1977, writ ref'd n.r.e.). 

 Although Matyastik's argument is not well articulated, she appears to argue that
she established her defense of timely tender both by the great weight and preponderance of the
evidence and as a matter of law. Construing her points liberally, we will consider both the factual
and legal sufficiency of the evidence on the timeliness of her tender. See Inpetco, Inc. v. Texas
Am. Bank/Houston N.A., 729 S.W.2d 300, 300 (Tex. 1987); Fambrough v. Wagley, 169 S.W.2d
478, 482 (Tex. 1943). To determine Matyastik's matter-of-law contention, we first examine the
evidence in support of the trial court's findings, ignoring any contrary evidence. If no evidence
supports its findings, we then examine the entire record to see if the contrary proposition is
established as a matter of law. Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). To determine
Matyastik's factual-sufficiency challenge, we examine all the evidence and will set aside the
findings only if they are so against the great weight and preponderance of the evidence as to be
manifestly unjust. In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951). 

 Matyastik sent her checks to the District and City on time only if (1) she sent them
by regular first-class mail, properly addressed and stamped, and (2) they bear a postmark earlier
than the specified date and within the specified period or she furnished satisfactory proof that they
were so mailed. Tex. Tax Code Ann. § 1.08 (West 1992). Matyastik's claim that she timely
tendered the 1988 District and City taxes depends on her assertion that she properly addressed the
envelopes and that the postal service made the mistake of delivering her tax checks to
Brownsville, Texas.

 Matyastik first complains of the trial court's award of penalty and interest to the
District on the tax due for 1988. Property taxes for 1988 were due the District by January 31,
1989. The trial court found that Matyastik mailed the check payable to the District on that date. 
Both parties agree that the postal service delivered this check to Brownsville, Texas (Cameron
County). Raymond Jimenez, the District's tax assessor-collector, testified that he received
Matyastik's check for the 1988 District taxes on or after February 20, 1989. He returned the
check to her because it did not include amounts due for penalty and interest. 

 To prove that she properly addressed the envelope to the District, Matyastik relies
on a copy of the envelope in which she mailed her 1988 County taxes. Matyastik apparently sent
her 1988 County and District tax checks at the same time. The County's envelope was addressed: 
"Milam Co/Tax Col./Cameron, TX," followed by a zip code of either "78520" or "76520." Both
the number "8" and the number "6" were written in the zip code, one on top of the other. 
Jimenez testified that 78520 is the zip code for Brownsville and that 76520 is the one for
Cameron, Texas. Of the two postmarks stamped on the envelope, only that of February 10, 1989,
was legible. 

 On cross-examination, Jimenez assented when asked whether he understood that
Matyastik mailed the District's tax check the same day she mailed the County's tax check and that
the District's check went to Brownsville by mistake. Matyastik asserts that this testimony proves
that the postal service mistakenly delivered the check to Brownsville. Jimenez' affirmation that
the check went to Brownsville by mistake, however, does not prove who made the mistake. The
copy of the envelope to the County and Jimenez' testimony prove neither that Matyastik properly
addressed the envelope to the County nor, by any inference, that she properly addressed her
envelope to the District. Matyastik offers no other evidence that she correctly addressed the
envelope containing the District's check. We, therefore, conclude that Matyastik failed to
establish her defense of timely tender of the 1988 District tax by either conclusive evidence or the
great weight of the evidence. Accordingly, the trial court did not err in awarding the District
penalty and interest on the 1988 tax. See Tex. Tax Code Ann. § 33.01, .07 (West 1992).

 Matyastik next complains of the award of penalty and interest to the City on the tax
due for 1988. The last day to pay the 1988 City tax was January 31, 1989. The City tax
assessor-collector testified that she received Matyastik's check for the 1988 tax on March 7, 1989. 
The tax collector returned Matyastik's check because it did not include penalty and interest. 
Matyastik claims that she mailed her 1988 City tax check when she mailed her checks for 1988
County and District taxes and that the postal service also mistakenly delivered her City tax check
to Brownsville. Matyastik again relies on the address on the envelope for her 1988 County tax
to prove that she correctly addressed her envelope to the City. As stated above, however,
Matyastik's envelope to the County provides neither conclusive evidence nor the great weight of
the evidence that she correctly addressed her envelope to the City. The trial court did not err in
awarding the City penalty and interest on the tax due for 1988.

 Matyastik also asserts that the trial court improperly awarded the City penalty,
interest, costs, expenses, and attorney's fees on the 1986 tax and awarded the City and District
costs, expenses, and attorney's fees for 1988. See Tex. Tax. Code Ann. § 33.01, .07, .48 (West
1992). The trial court, however, did not award these amounts. The judgment awarded the City
and District 



the following amounts of delinquent property taxes and accrued statutory penalties,
interest, costs, expenses, and attorney's fees upon the following described property
. . . as set out in Schedule A immediately following . . . : 



SCHEDULE "A"



 Delinquent taxes accrued statutory penalties and interest, fifteen percent
attorney's fees, title research expenses, and cost of court due for which judgment
is herein rendered covering all years delinquent at the date of this judgment.


(Emphasis added.)



 The amounts set out in Schedule "A" include only the tax due the City for 1986 and
the tax, penalties, and interest due the City and District for 1988. We are aware that the amounts
awarded the City and the District for 1988 include two penalties, one of which is the statutory
penalty to cover attorney's fees. See Tex. Tax Code Ann. § 33.07 (West 1992). None of the
amounts awarded, however, include a separate award of attorney's fees to either the City or the
District. (1) Because Matyastik can complain on appeal only of prejudicial error, she cannot
complain of an award that the trial court did not make. Swaim v. International Harvester Co.,
505 S.W.2d 634, 638 (Tex. Civ. App.--Fort Worth 1974, writ ref'd n.r.e.); see Tex. R. App. P.
81(b)(1); Phelan v. Phelan, 471 S.W.2d 605, 608-09 (Tex. Civ. App.--Beaumont 1971, no writ). 

 Under points one and two, Matyastik argues further that the District and City tax
collectors were obligated to use her tendered checks to satisfy the full amount of tax, penalty, and
interest due on some of her properties, rather than rejecting the checks as insufficient to cover the
total due on all her properties. The District and the City assessed separate amounts due on each
of Matyastik's properties. A property owner may pay the tax on any one piece of property that
has been separately assessed without offering to pay the taxes on the other properties. Richey v.
Moor, 249 S.W. 172, 174-75 (Tex. 1923); see also Tex. Tax Code Ann. § 31.07 (West 1992). 
If the City and District had so allocated Matyastik's tendered checks, she arguably would now be
liable only for penalties and interest on some of the tracts.

 In Richey, the property owner tendered the exact sum due on seven of the eight
tracts of land assessed. 249 S.W. at 172. By comparison, Matyastik tendered checks to the
District and City in 1989 for the exact amount of base tax assessed on all her tracts of land and
personal property. In the letter accompanying her city tax check, Matyastik wrote, "Enclosed
please find check for my 1988 taxes." Matyastik did not distinguish any particular property to
which the tax collector should have allocated tax, penalty, and interest in preference to any other
property. In the letter accompanying her District tax check, Matyastik stated that she had listed
the properties for which the tax check was sent on the back of her check. On the back of this
check Matyastik itemized the exact amount of base tax due for each separate property. Thus, in
1988 Matyastik explicitly directed the District tax collector in how to apply her tax payment. 
Matyastik's tender of the exact amount of base tax due on the properties assessed by the City and
District showed that she was offering to pay the tax on all, rather than some, of her properties. 
Because Matyastik did not tender the full amount of tax plus accrued penalty and interest, the
District tax collector was not required to accept her tender. Dickinson Indep. Sch. Dist. v.
McGowan, 533 S.W.2d 127, 133 (Tex. Civ. App.--Houston [1st Dist.] 1976, no writ). Matyastik's argument that she tendered more money to the District for the 1988 tax
and to the City for 1986 and 1988 taxes than each taxing authority sought at trial is without merit. 
After this suit was commenced, but before trial, a lienholder on one tract of Matyastik's real
property paid the tax due on that separate tract for each year in dispute. This payment did not
affect the amount due when Matyastik tendered her tax payments. We, therefore, overrule points
one and two.

 In point of error three, Matyastik argues that the trial court erred in admitting a
certified copy of the delinquent tax records of the District and City tax collectors. Matyastik
contends that these records should have been excluded because the tax collectors refused to accept
her tax payment. Because Matyastik fails to present any argument or authority to support this
point, however, she has waived it for review. Tex. R. App. P. 74(f); Rayburn v. Giles, 182
S.W.2d 9, 13 (Tex. Civ. App.--San Antonio 1944, writ ref'd); Helle v. Hightower, 735 S.W.2d
650, 653 (Tex. App.--Austin 1987, writ denied). We overrule point three.

 Matyastik contends in point of error four that no evidence exists to support the trial
court's judgment for Milam County. The court awarded the County $2.91 for the 1990 tax,
penalty, and interest due on Matyastik's personal property. At trial, the County introduced in
evidence a certified copy of its delinquent tax records. These records showed that Matyastik owed
the County $2.91 for tax year 1990. The delinquent tax record is some evidence to support
judgment for the County. Tex. Tax Code Ann. § 33.47(a) (West 1992); Whittenburg, 265
S.W.2d at 572; Harding, 40 S.W.2d at 889. We overrule point four.

 We affirm the judgment of the trial court. 


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: December 9, 1992

[Do Not Publish]
1.   While both the City and the District prayed for attorney's fees in their petitions, they
set out only the statutory fee-as-penalty in the exhibits they attached itemizing the amounts
allegedly due. See Tex. Tax. Code Ann. § 33.07 (West 1992). Neither the certified tax affidavit
of the City nor that of the District, admitted into evidence, included separate attorney's fees in the
total amounts due.